**FILED - GR**
June 17, 2021 9:50 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __tlb__  SCANNED BY: ᵀᴮ₆₁₍₇₎₂₁

UNITED STATES OF AMERICA
**IN THE UNITED STATES DISTRICT COURT**
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**1:21-cv-506**
Paul L Maloney - U.S. District Judge
Sally J. Berens- U.S. Magistrate Judge

LARRY DARNELL JONES

Plaintiff,

HON:
v.                                     Docket No.

Complaint
Civil Right Action with Jury Demand

1. DEFENDANT REGIONAL MANAGER OF SECURITY ZACHARY JENKINS, NO.1., IS SUED IN HIS INDUVIAL CAPACITY AS AN EMPLOYEE OF O'BRIEN AND ASSOCIATE SECURITY AND INVESTIGATIONS, EMPLOYED AT THE MENARDS LOCATED AT 5487 HARVEY ST., MUSKEGON MICHIGAN 49444.

2. DEFENDANT ASSISTANT GENERAL MANAGER ROBERT JAMES SAENA, NO. 2, IS SUED IN HIS INDUVIAL CAPACITY AS AN EMPLOYEE AT THE MENARDS LOCATED AT 5487 HARVEY ST., MUSKEGON MICHIGAN 49444.

3. DEFENDANT EMPLOYEE OF MENARDS DANIEL RALPH HERRERA, NO. 3., IS SUED IN HIS INDUVIAL CAPACITY AS AN EMPLOYEE AT THE MENARDS LOCATED AT 5487 HARVEY ST., MUSKEGON MICHIGAN 49444.

4. DEFENDANT EMPLOYEE OF MENARDS DARRELL JAMES SMITH, NO. 4., IS SUED IN HIS INDUVIAL CAPACITY AS AN EMPLOYEE AT THE MENARDS LOCATED AT 5487 HARVEY ST., MUSKEGON MICHIGAN 49444.

5. DEFENDANT NORTON SHORES POLICE OFFICER PEYTON E. HANEY, NO. 5., IS BEING SUED IN HER INDIVIDUAL CAPACITY AS A POLICE OFFICER FOR THE NORTON SHORES POLICE DEPARTMENT, LOCATED AT 4814 HENRY STREET, SUITE 1, NORTON SHORES, MICHIGAN 49441

6. DEFENDANT NORTON SHORES POLICE SERGEANT TODD R. BAKER, NO.6., IS BEING SUED IN HIS INDUVIAL CAPACITY AS A POLICE SERGEANT FOR THE NORTON SHORES POLICE DEPARTMENT, LOCATED AT 4814 HENRY STREET, SUITE 1, NORTON SHORES, MICHIGAN 49441

7. DEFENDANT NORTON SHORES POLICE LIEUTENANT MARC D. VANDERSTELT, NO.7., IS BEING SUED IN HIS INDUVIAL CAPACITY AS A POLICE LIEUTENANT FOR THE NORTON SHORES POLICE DEPARTMENT, LOCATED AT 4814 HENRY STREET, SUITE 1, NORTON SHORES, MICHIGAN 49441

1

8. DEFENDANT NORTON SHORES CITY ADMINISTRATOR MARK C. MEYERS, NO.8., IS BEING SUED IN HIS INDUVIAL CAPACITY AS CITY ADMINISTRATOR FOR THE NORTON SHORES POLICE DEPARTMENT, LOCATED AT 4814 HENRY STREET, SUITE 1, NORTON SHORES, MICHIGAN 49441

9. DEFENDANT EMPLOYEE OF MENARDS JENNIFER (A.K.A. JEN) LAST NAME UNKNOWN, NO.9., IS SUED IN HER INDUVIAL CAPACITY AS AN EMPLOYEE OF MENARDS LOCATED AT 5487 HARVEY ST., MUSKEGON, MICHIGAN 49444.

10. DEFENDANT EMPLOYEE OF MENARDS HUNTER CZINDER, NO.10., IS SUED IN HIS INDUVIAL CAPACITY AS AN EMPLOYEE OF MENARDS LOCATED AT 5487 HARVEY ST., MUSKEGON MICHIGAN 49444.

Defendants.

2

# I.
# COMPLAINT

**NOW COMES,** the Plaintiff, **LARRY DARNELL JONES,** in pro per, by and through

his complaint, pursuant to 42 U.S.C § 1983; and sue the above named Defendants for violating

his First Amendment Rights to Petition the Government for the Redress of Grievances, to

Peacefully Assemble, (free association) to Practice his *SON OF MAN* Secular Religious Beliefs,

and to be free from Retaliations once the Defendants  in violation of the Fourth Amendment

arrested the plaintiff in violation of MCL § 764.16(d) The Plaintiff also assert supplemental

jurisdiction pursuant 28 U.S.C. § 1367(a), to the applicable statute that authorizes the Federal

Court to address all state law claims. Pursuant to the 14th Amendment of the United States

Constitution, the defendants violated the Plaintiff's due process under § 1.

# II.
# JURISDICTION

Federal district courts have original jurisdiction over "all civil actions arising under the

constitution laws or treaties of the United States" See 28 U.S.C. § 1331; 28 U.S.C. § 1343(3),

provides; the district court shall have original jurisdiction of any civil action authorized by law to

be commenced by any person: (3) to redress the deprivation, under color of any state law, statute,

ordinance.

3

### III.
### AMOUNT IN CONTROVERSY

The amount in controversy is Five Hundred Million Dollars **($500,000,000)** in this action

exceeds the statutory limitations 28 U.S.C. §1332(a). The district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

50,000, exclusive of interest and costs.

4

**STATEMENT OF FACTS**

On Wednesday, December 9th, 2020, Plaintiff Larry Darnell Jones, along with Frederick

Lee Banks arrived at Menards, located at 5487 Harvey Street, in Muskegon, Michigan. The

Plaintiff entered the store at approximately 12:30 HOURS, once inside, the Plaintiff and Mr.

Banks went separate ways to gather the items they needed. The Plaintiff, checked out with

cashier Nemar, at 12:37 HOURS the Plaintiff paid for six (6) items with an in-store credit

voucher. See Attached (Plaintiff Exhibit No. 1; Receipt time stamped at 12:37 HOURS on

December 9th, 2020.)



As the Plaintiff completed his transaction, he then exited the store where he met up with

Frederick Banks, outside. Once outside, the Plaintiff, and Frederick L. Banks, were approached

by Regional Manager, Defendant Zachary Jenkins, No.1., DEFENDANT ASSISTANT

GENERAL MANAGER ROBERT JAMES SAENA, NO. 2., DEFENDANT EMPLOYEE OF

MENARDS DANIEL RALPH HERRERA, NO. 3 and DEFENDANT EMPLOYEE OF

MENARDS DARRELL JAMES SMITH, NO. 4., all four defendants surrounded the Plaintiff

and Mr. Banks, forcing them back inside the store. Defendant Zackary Jenkins, stated who he

was and indicated that the Plaintiff and Frederick L. Banks, were caught on surveillance camera

stealing and would need to follow him back inside the store. The Plaintiff Larry Darnell Jones,

asked Defendant Zackary Jenkins, No. 1, if he was placing him under arrest. Defendant Zackary

Jenkins, replied, "YES". The Plaintiff asked Defendant Zachary Jenkins, numerous times, (but

was denied) if he was free and able to leave. Defendant Jenkins answered "NO". After

Defendant Jenkins and others secured the Plaintiff in the security room they proceeded to block

the doorway and refused to allow plaintiff to leave while falsely accusing the plaintiff of Retail

Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and

imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's

Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable

person knew or reasonably should have known was a violation of the plaintiff's state statutory

and constitutional rights. Norton Shores Police Department was called and Defendant Officer

Peyton Haney, No. 5, arrived on the scene. Once Defendant Peyton Haney arrived, a civil

restitution was given to Frederick Banks, and he was released. See attached (Exhibit No.2;

Michigan Civil Restitution Demand Notice); and See attached (Exhibit No. 3; Picture ID for

Frederick L. Banks)

Menard, Inc. Case Number: **3102** - **120920** - **1251**
(Store) (Identity) (Billing doc ENTER)

## Michigan Civil Restitution Demand Notice

We have cause to believe that on **120920** you, **Frederick** **Banks** committed retail fraud in the
(Date) (Name of Suspect)

first, second, or third degree by **concealing merchandise** in our store or in
(Description of action and property involved)

its immediate vicinity.

State law authorizes us to demand in writing that you do all of the following, as applicable:

☐ Return the property in salable condition or pay to us $_____, which represents the full retail price or the remaining balance of the
full retail price of the property.

☐ Pay to us $_____, which represents the full retail price of the recovered property that is not in salable condition.

☑ Pay to us civil damages in an amount equal to 10 times the retail price of the property received, but not less than $50.00 or more than
$200.00, equaling a total amount of $ **200** .

This notice is a formal demand for return of the property involved, if applicable, and the payment of the amounts indicated above, equaling a
total amount of $ **200** . If you return any unrecovered property and pay the amounts indicated above to us within 30 days after the
date this notice was issued, we will not take any further civil action against you.

You are not required to respond to this demand if you believe that you or your minor child is not guilty of committing retail fraud or if you
choose not to respond. If you fail to comply with this demand, we will be authorized by state law to bring a civil action against you to
determine your legal responsibility for the return of any unrecovered property and the payment of the amounts indicated above plus the cost
of the action, including reasonable attorney's fees.

These civil proceedings do not prevent criminal prosecution for the alleged act of retail fraud.

Please send your check or money order to:   **Menard, Inc.**
                                             **Civil Restitution, CID Security Department**

Any questions regarding this matter should be addressed to the "Menards Civil Restitution Coordinator". Feel free to call 715-876-4009,
Monday – Friday during normal business hours.

_____      _____      _____
    Signature of Subject                  Date            Time
(Your signature indicates only that you have received a copy of this notice and the referenced statute.)

**12/09/20**      _____
Date Prepared        Time
_____

---- PLEASE CUT OFF THIS BOTTOM PORTION AND SEND IN WITH YOUR PAYMENT ----

Today's Date: _____   Menard, Inc. Case Number: **3102** - **120920** - **1251**

Menards Location (city) incident occurred at: **Muskegon**   Date of Incident: **120920**

Personal Information:

**Frederick** **Banks**
(Your Name)

_____
(Your Address + Apartment Number)

_____
(Your City, State, Zip Code)

| Amount enclosed: $_____ |
| Check Payment Option |
| ☐ Cash |
| ☐ Check |
| ☐ Money Order |

1. When payment is made the same day, this portion of the form will be filled out completely and attached to the Incident Report. 2. When payment is made
at a later day of the store, this portion of the form will be filled out completely and Scanned to email and sent to Security Report with the invoice. 3. When
payment is made via the mail, this portion of the form will be filled out completely and sent in with payment.

BANKS , FREDERICK

However, the Plaintiff, who was not charged for stealing, was issued a citation for

trespass, and Plaintiff was Banned from Menards. After being falsely arrested, detained and held

against his will, for almost two hours, the Plaintiff was released.

In efforts to move forward with a lawsuit for illegally detaining and denying the Plaintiff

his Fourth Amendment rights, the Plaintiff requested a copy of the police report. See attached

(Exhibit No. 4; Norton Shores Police Report #2020-07533) via FOIA.

**INCIDENT/INVESTIGATION REPORT**

| Agency Name | | Case# | 2020-07533 |
|---|---|---|---|
| Norton Shores Police Department | | Date / Time Reported | 12/09/2020 12:47 Wed |
| ORI | MI 6162500 | Last Known Secure | 12/09/2020 12:47 Wed |
| Location of Incident | | At Found | 12/09/2020 12:47 Wed |

Location of Incident: 5487 HARVEY ST, Norton Shores MI 49444

Gang Relat: NO   Premise Type: Department/discount   Zone/Tract

| | Crime Incident(s) | (Att ) | Weapon / Tools | | | Activity |
|---|---|---|---|---|---|---|
| #1 | Retail Fraud - Theft 30002 | | Entry | Exit | Security | |
| #2 | Crime Incident | ( ) | Weapon / Tools | | | Activity |
| | | | Entry | Exit | Security | |
| #3 | Crime Incident | ( ) | Weapon / Tools | | | Activity |
| | | | Entry | Exit | Security | |

MO

**VICTIM**

# of Victims 1   Type: BUSINESS   Injury:

| | Victim/Business Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| V1 | MENARDS | 1, | Age | | | | Resident | |

Home Address: 5487 HARVEY ST, Norton Shores, MI 49444-   Home Phone

Employer Name/Address: (HOME IMPROVEMEN)   Business Phone   Mobile Phone

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|

CODES: V- Victim (Denote V2, V3)   O = Owner (if other than victim)   R = Reporting Person (if other than victim)

**OTHERS INVOLVED**

Type: INDIVIDUAL/ NOT LAW ENFORCEMENT   Injury:

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| RP | JENKINS, ZACHARY JAMES-ROBERT | | xx/xx/1995 Age 25 | W | M | | Resident | |

Home Address   Home Phone

Employer Name/Address   Business Phone   Mobile Phone

Type:   Injury:

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| | | | Age | | | | | |

Home Address   Home Phone

Employer Name/Address   Business Phone   Mobile Phone

**PROPERTY**

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Officer/ID# | HANEY, P. E. (NSPDPEH1) | | | |
|---|---|---|---|---|
| Invest ID# | HANEY, P. E. (NSPDPEH1) | | Supervisor | BAKER, T. R. (NSPDTRB1) |
| Status | Complainant Signature | Case Status Closed   12/19/2020 | Case Disposition: Victim Refused To   12/19/2020 | Page 1 |

R_CS1 IBR   Printed By: NSPDCJD1,   Sys#: 868532   12/23/2020 09:27

## INCIDENT/INVESTIGATION REPORT

*Norton Shores Police Department*

Case # *2020-07533*

| Status Codes | 1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown | | | | | |
|---|---|---|---|---|---|---|
| | IBR | Status | Quantity | Type Measure | Suspected Type | |
| D R U G S | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers

Suspect Hate / Bias Motivated:   *NONE*

**NARRATIVE**
Attempted retail fraud.

## Incident Report Additional Name List

Norton Shores Police Department

OCA: 2020-07533

Additional Name List

| | Name Code# | | Name (Last, First, Middle) | Victim of Crime # | DOB | Age | Race | Sex |
|---|---|---|---|---|---|---|---|---|
| 1) | WI | 1 | HERRERA, DANIEL RALPH | | xx/xx/1970 | 50 | W | M |
| | Address | | | | H: - - | | | |
| | Empl/Addr | | | | B: - - | | | |
| | | | | | Mobile #: - - | | | |
| 2) | WI | 2 | SMITH, DARREL JAMES | | xx/xx/1987 | 33 | W | M |
| | Address | | | | H: - - | | | |
| | Empl/Addr | | | | B: - - | | | |
| | | | | | Mobile #: - - | | | |

## REPORTING OFFICER NARRATIVE

| Norton Shores Police Department | | OCA 2020-07533 |
|---|---|---|
| Victim MENARDS | Offense RETAIL FRAUD - THEFT | Date / Time Reported Wed 12/09/2020 12:47 |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

12/09/2020

### INFORMATION
I was dispatched to a shoplifting report at Menards 5487 Harvey St.

### CONTACT WITH LOSS PREVENTION
I spoke with loss prevention employee Zachary Jenkins. Zachary advised that he observed two black males walking down the isle together. One male concealed an item in his jacket. The males then went to the checkout and one male stayed to pay for some items while the male that concealed the items walked out.

Zachary identified both males as Larry Jones and Fredrick Banks. Larry Jones was the male that paid for some items while Fredrick Banks walked out. Zachary made contact with Larry and Fredrick outside of the store and had them return to the LP office.

Zachary advised that he issued a civil restitution for Fredrick. Fredrick concealed items not worth more than $25 and let Fredrick go. Zachary advised he wanted Larry Jones trespassed for previous sexual harassment encounters at the store. Zachary advised they have had an employee identify Larry and wanted him trespassed due to the attempt retail fraud and the sexual harassment. Zachary said Larry was previously warned about the sexual harassment and if it happened again he would be trespassed. Loss prevention is going to send me copies of the sexual harassment reports made by Menards LP employees and a copy of the video footage.

### CONTACT WITH LARRY JONES

I spoke with Larry Jones and he was very upset about the whole situation and stated he didn't steal anything. Larry advised he paid for the items and walked out. He was then stopped by LP employees and asked to return to the store for stealing.

Larry requested through Dispatch that I TX him after I had cleared from the call. I spoke to Larry on the phone and he was very upset and advised he didn't steal anything. He wanted to make sure I wrote a factual report and viewed the video footage. He said he didn't make any sexual comments toward any employees. He stated he was a very loyal customer to Menards and didn't steal from them. Larry also stated that he was held against his will at Menards and was held there for over two hours.

I advised Larry I would write a factual report and review the video footage.

### DISPOSITION
I trespassed Larry Jones per Menards request. I reviewed video footage and saw Larry and Fredrick walking together. Fredrick was pushing the shopping cart and conceals an item in his coat. Larry walks in front of Fredrick during the concealing and takes the shopping cart from Fredrick. The two then go to the checkout and Fredrick walks out the front door.

The footage also showed that they entered the isle they stole from at 12:31PM. They were caught by LP and put into the room at 12:42PM. I arrived on scene at 12:57PM.

I will be attaching the LP report, for the previous sexual harassment reports, and video footage when I received them

**REPORTING OFFICER NARRATIVE**

| | OCA |
|---|---|
| | 2020-07533 |

*Norton Shores Police Department*

| Victim | Offense | Date / Time Reported |
|---|---|---|
| *MENARDS* | *RETAIL FRAUD – THEFT* | *Wed 12/09/2020 12:47* |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

from Menards.

Haney/47420

13

## Incident Report Suspect List

*Norton Shores Police Department*

OCA: *2020-07533*

| 1 | Name (Last, First, Middle) | | | | Also Known As | | | | Home Address | |
|---|---|---|---|---|---|---|---|---|---|---|
| | *BANKS, FREDERICK LEE* | | | | | | | | | |

Business Address *UNEMPLOYED, LABORER*

| DOB | Age | Race | Sex | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State. |
|---|---|---|---|---|---|---|---|---|---|---|
| *xx/xx/1957* | *63* | *B* | *M* | *U* | *508* | *158* | *BLK* | *BRO* | *MED* | |

Scars, Marks, Tattoos, or other distinguishing features

| *Reported Suspect Detail* | Suspect Age | | Race | Sex | Eth | Height | | Weight | | SSN |
|---|---|---|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | Make | | Model | | | Color | Caliber | Dir of Travel | |
| | | | | | | | | | Mode of Travel | |
| VehYr/Make/Model | | Drs | Style | | Color | | Lic/St | | VIN | |

Notes                                                                 Physical Char

| 2 | Name (Last, First, Middle) | | | | Also Known As | | | | Home Address | |
|---|---|---|---|---|---|---|---|---|---|---|
| | *JONES, LARRY DARNELL* | | | | | | | | *416 ARBOR VIEW CIR* *DIBERVILLE, MS 39540* *517-619-9067* | |

Business Address

| DOB | Age | Race | Sex | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State. |
|---|---|---|---|---|---|---|---|---|---|---|
| *xx/xx/1956* | *64* | *B* | *M* | | *509* | *150* | | *BRO* | | *J520488135385 MI* |

Scars, Marks, Tattoos, or other distinguishing features

| *Reported Suspect Detail* | Suspect Age | | Race | Sex | Eth | Height | | Weight | | SSN |
|---|---|---|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | Make | | Model | | | Color | Caliber | Dir of Travel | |
| | | | | | | | | | Mode of Travel | |
| VehYr/Make/Model | | Drs | Style | | Color | | Lic/St | | VIN | |

Notes                                                                 Physical Char

**CASE SUPPLEMENTAL REPORT**                    Printed: 12/23/2020  09:27

OCA: *202007533*

*Norton Shores Police Department*

Case Status: *CLOSED*                Case Mng Status: *CLOSED*              Occurred: *12/09/2020*

Offense: *RETAIL FRAUD – THEFT*

Investigator: *HANEY, P. E. (NSPDPEH1)*              Date / Time: *12/15/2020 16:22:49, Tuesday*

Supervisor: *BAKER, T. R. (NSPDTRB1)*        Supervisor Review Date / Time: *12/15/2020 16:48:19, Tuesday*

Contact:                                Reference: *Supplement*

12/15/2020

I spoke with Zachary Jenkins regarding video of Larry Jones and Fredrick Banks. Zachary was unable to provide me with a copy of the video. I recorded a video of the incident.

Zachary also provided me with a statement from the sexual harassment incident with Larry Jones and an employee. Zachary advised he would be providing me with the sexual harassment reports when they become available.

Both the video and the statement will be attached to the report in RMS.

Payton Haney

Investigator Signature                          Supervisor Signature

r_supp3                                                          Page 6

15

**CASE SUPPLEMENTAL REPORT**                     Printed: 12/23/2020  09:27

*Norton Shores Police Department*                          OCA: *202007533*

Case Status: *CLOSED*          Case Mag Status: *CLOSED*          Occurred: *12/09/2020*

Offense: *RETAIL FRAUD – THEFT*

Investigator: *HANEY, P. E. (NSPDPEH1)*          Date / Time: *12/19/2020 07:27:28, Saturday*

Supervisor: *BAKER, T. R. (NSPDTRB1)*          Supervisor Review Date / Time: *12/19/2020 09:03:58, Saturday*

Contact:                                    Reference: *Supplement*

---

12/19/2020

I attached surveillance footage of Larry Jones and Fredrick Banks in RMS. Both individuals are seen walking down the isle together. Fredrick is seen pushing the cart and takes an item out of the cart. Fredrick and Larry switch places pushing the cart. While they switch places, you can see Fredrick concealing the item in his jacket.

I've also attached a written statement by an employee regarding the sexual harassment against Larry Jones. As well as the LP report written by Zachary Jenkins.

Haney

---

Investigator Signature                              Supervisor Signature

Page 7

## CASE SUPPLEMENTAL REPORT

Printed: 01/04/2021  14:41

*Norton Shores Police Department*

OCA: *202007533*

Case Status: *CLOSED*    Case Mng Status: *CLOSED*    Occurred: *12/09/2020*

Offense: *RETAIL FRAUD - THEFT*

Investigator: *HANEY, P. E. (NSPDPEH1)*    Date / Time: *01/02/2021 09:51:14, Saturday*

Supervisor: *BAKER, T. R. (NSPDTRB1)*    Supervisor Review Date / Time: *01/02/2021 10:15:18, Saturday*

Contact:    Reference: *Supplement*

---

01/02/2021

During the incident on 12/09/2020, when Zachary approached Larry Jones and Fredrick Banks, he was accompanied by Darrell Smith. Zachary had Darrell witness the interaction. Darrell stood by while Zachary approached Larry and Fredrick. Zachary asked Larry and Fredrick to return to the loss prevention office, which both cooperated and were not handcuffed.

Once in the loss prevention, Zachary had Daniel Herrera accompany him, so Zachary wasn't alone in the office with two subjects. Zachary was the one who witnessed the retail fraud occur.

Both Darrell and Daniel were added to the name screen.

Haney/47420

Investigator Signature    Supervisor Signature

Page 9

## CASE SUPPLEMENTAL REPORT

Printed: 06/08/2021  16:28

*Norton Shores Police Department*

OCA: *202007533*

CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *CLOSED*          Case Mng Status: *EXC CLEAR - VICTIM*          Occurred: *12/09/2020*

Offense: *RETAIL FRAUD - THEFT*

Investigator: *VANDERSTELT, M. D. (NSPDMDV1)*          Date / Time: *01/07/2021 14:49:07, Thursday*

Supervisor: *VANDERSTELT, M. D. (NSPDMDV1)*          Supervisor Review Date / Time: *01/07/2021 14:49:13, Thursday*

Contact:          Reference: *Supplement*

**INFORMATION:**

I received information from City Manager Mark Meyers that Larry Jones sent him an email inquiring about this incident. Mr. Jones requested Officer Haney identify other individuals from Menards involved in the incident on 12/9/20. On January 2, 2021, Officer Haney obtained additional names related to the incident.

I contacted Mr. Jones on Monday, January 4, 2021, and advised him of the additional names added to the report, and a copy of the supplement was emailed to Mr. Jones. Mr. Jones said he feels that Menards is making up the sexual harassment claim to trespass him, and he doesn't feel this is right. I explained to Mr. Jones that he would need to contact Menards if he feels the situation was not handled correctly. Mr. Jones asked if I could find out when the alleged harassment incident took place.

I contacted Menards' Regional Manager Zachary Jenkins and asked him for the date of the incident.

Jenkins said the first incident occurred on October 2. Jenkins also said he would send me a copy of Menards' incident report and witness statements related to the October 2 incident. I received the documents on January 7, 2021, and attached them to this report.

**SUMMARY:**

Officer Haney was called to Menards for a retail fraud and trespass notice complaint. While conducting the investigation, it was determined that Menards was not going to press charges on Mr. Banks for concealing merchandise. Menards asked Officer Haney to inform Mr. Jones of the trespassing notices.
Menards trespassing notice was a combination of the October 2 incident, an incident that occurred three weeks later, and the December 9 incident. As a result, the information provided was documented in this report. The Norton Shores Police Department did not receive any report of harassment by Mr. Jones from Menards before this report.
No criminal charges are being sought in this case; therefore, the case is closed.

I contacted Mr. Jones and advised him of the original date of the harassment allegation and the status of this investigation.

**STATUS:**
Investigation closed.

Investigator Signature                    Supervisor Signature

Page 10

**CASE SUPPLEMENTAL REPORT**

Printed: 06/08/2021 16:28

*Norton Shores Police Department*

OCA: *202007533*

THE INFORMATION BELOW IS CONFIDENTIAL – FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *CLOSED*     Case Mag Status: *EXC CLEAR - VICTIM*     Occurred: *12/09/2020*

Offense: *RETAIL FRAUD - THEFT*

Investigator: *VANDERSTELT, M. D. (NSPDMDV1)*     Date / Time: *01/07/2021 14:49:07, Thursday*

Supervisor: *VANDERSTELT, M. D. (NSPDMDV1)*     Supervisor Review Date / Time: *01/07/2021 14:49:13, Thursday*

Contact:     Reference: *Supplement*

Lt. VanderStelt/47380
  [01/07/2021 14:49, NSPDMDV1, 684, NSPD]

Investigator Signature     Supervisor Signature

Page 11

On Saturday, December 19th, 2020, Defendant Peyton Haney, attached a surveillance footage to the report along with a written statement from Defendant Zachary Jenkins, regarding an alleged sexual harassment claim against the Plaintiff, in which The Plaintiff, Larry Darnell Jones, knew nothing about. See attached (Plaintiff Exhibit No. 5; Case Supplemental Report dated 12/19/2020)

| **CASE SUPPLEMENTAL REPORT** | | Printed: 06/08/2021 16:28 |
|---|---|---|
| Norton Shores Police Department | | OCA: *202007533* |
| | CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY | |
| **Case Status:** *CLOSED* | **Case Mng Status:** *EXC CLEAR – VICTIM* | **Occurred:** *12/09/2020* |
| **Offense:** *RETAIL FRAUD – THEFT* | | |
| **Investigator:** *HANEY, P. E. (NSPDPEH1)* | | **Date / Time:** *12/19/2020 07:27:28, Saturday* |
| **Supervisor:** *BAKER, T. R. (NSPDTRB1)* | | **Supervisor Review Date / Time:** *12/19/2020 09:03:58, Saturday* |
| **Context:** | | **Reference:** *Supplement* |

12/19/2020

I attached surveillance footage of Larry Jones and Fredrick Banks in RMS. Both individuals are seen walking down the isle together. Fredrick is seen pushing the cart and takes an item out of the cart. Fredrick and Larry switch places pushing the cart. While they switch places, you can see Fredrick concealing the item in his jacket.

I've also attached a written statement by an employee regarding the sexual harassment against Larry Jones. As well as the LP report written by Zachary Jenkins.

Haney

| Investigator Signature | Supervisor Signature |
|---|---|

Page 8

Upon examining the report, the Plaintiff noticed two things. (1). Defendant Officer Peyton Haney, conducted an improper investigation by not including all of the names of the people that took part in the illegal arrest situation that occurred on December 9th, 2020. (2). There was a "alleged Sexual Harassment" issue added to the report, that the Plaintiff never heard of, or had a conversation with anyone about, or had anything to do with the incident that Defendant Peyton Haney No. 5, was called out to Menards for on December 9th, 2020.

After finding this disturbing information, the Plaintiff emailed City Administrator, Mark C. Meyers, On December 24th, 2020, with the following information: See attached (Exhibit No. 6; Email to Mark C. Meyers)

December 24, 2020

Attention Mark C. Meyers, City administrator

Incident Number: 2020-07533

On December 9th, 2020, Officer Payton Haney, conducted an improper investigation at the Menards store located at 5487 Harvey Street, Muskegon Michigan, 49444:

1). I ask you to have Lieutenant Marc Vanderstelt, to direct Officer Payton Haney, to conduct a proper investigation into all of the employees at Menards who searched and seized me in violation of the Fourth Amendment on December 9th, 2020. At the time of the investigation, she did not include all of the names of the people that took part in this illegal apprehension. Those names must be included in the report, because this is a denial of my First Amendment right to petition the Government for the redress of grievances.

2). As part of her report, she attached a letter dated 12/15/2020, from a Menards employee named Jen Copeland, who stated in part:

(a)." To whom it may concern – approximately 2 ½ - 3 Months ago a Man came and asked me for help around our screw/bolt isle."

(b). "He then said loud enough give me a half hour and I'll eat the shit out of you"

(c). "When I thought he was gone, I went back to Hardware (my department). He the found me and handed me his business card. Which I threw away."

3). This is what I'm asking you to have investigated because it is obvious from 12/15/2020 letter from Jen Copeland, that this occurred 3-months prior to December 9th, 2020, incident. Which Officer Payton Haney, did not obtain the date that this alleged incident happened, nor did she obtain a video tape of the incident of which Jen Copeland, said took place.

4). This alleged incident that the Menards Management and employee, Jen Copeland, is reporting had nothing to do with the Third-degree Retail Fraud-theft that took place on December 9th, 2020, in which I was not involved, but illegally arrested by the Menards lost prevention team. Furthermore, I had no knowledge of this reported statement that she said I made to her to cause the Menards store to trespass and ban me from their store. This is denial of my First Amendment rights of free Association.

5). I would appreciate the dates on which these incidents allegedly occurred. I appreciate your time and consideration in having this investigated further. Thank you.


Respectfully,
Larry Darnell Jones
ldj146246@gmail.com
517-619-9067

Unbeknownst to the Plaintiff, The Sexual Harassment allegations brought forward during this investigation, were surprising, false, and violate the Plaintiff's First Amendment rights of free association, by banning the Plaintiff and citing him for trespass, in which he had no knowledge of.

On December 30th, 2020, the Plaintiff received an email response from Mr. Mark C. Meyers, who indicated, "Lt. Marc Vanderstelt would follow up on Monday." See attached (Plaintiff Exhibit No. 7; Email reply from Mark Meyers)

M Gmail                                                    Larry Jones <ldj146246@gmail.com>

**Larry Darnell Jones**
2 messages

**Larry Jones** <ldj146246@gmail.com>                          Mon, Dec 28, 2020, 4:10 PM
To: <markm@nortonshores.org>, <mmeyers@nortonshores.org>

Sent from my iPhonet
**Attention Mark C.docx**

**Mark Meyers** <MarkM@nortonshores.org>                       Wed, Dec 30, 2020, 10:47 AM
To: Larry Jones <ldj146246@gmail.com>

Hello Mr. Jones,

Following our phone conversation on I discussed this matter with Police Chief Jon Gale.  He will direct Lt. Marc Vanderstelt to review the situation and your concerns when he returns to the office on Monday.

Sincerely,

Mark C. Meyers
City Administrator
City of Norton Shores
231-798-4391

-----Original Message-----
From: Larry Jones <ldj146246@gmail.com>
Sent: Monday, December 28, 2020 4:11 PM
To: Mark Meyers <MarkM@NortonShores.org>; Mark Meyers <MarkM@NortonShores.org>
Subject: Larry Darnell Jones

On Saturday, January 2nd, 2021, Defendant Peyton Haney, updated the report to add Defendants

Darrell James Smith, and Daniel Ralph Herrera as requested by Plaintiff. See attached (Plaintiff

Exhibit No. 8; Case Supplemental Report dated 01/02/2021)

---

**CASE SUPPLEMENTAL REPORT**          Printed: 01/04/2021  14:41

*Norton Shores Police Department*                          OCA: **202007533**

| THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY |
|---|

| Case Status: *CLOSED* | Case Mng Status: *CLOSED* | Occurred: *12/09/2020* |
|---|---|---|
| Offense: *RETAIL FRAUD - THEFT* | | |

| Investigator: *HANEY, P. E. (NSPDPEH1)* | Date / Time: *01/02/2021 09:51:14, Saturday* |
|---|---|
| Supervisor: *BAKER, T. R. (NSPDTRB1)* | Supervisor Review Date / Time: *01/02/2021 10:15:18, Saturday* |
| Contact: | Reference: *Supplement* |

---

01/02/2021

During the incident on 12/09/2020, when Zachary approached Larry Jones and Fredrick Banks, he was accompanied by Darrell Smith. Zachary had Darrell witness the interaction. Darrell stood by while Zachary approached Larry and Fredrick. Zachary asked Larry and Fredrick to return to the loss prevention office, which both cooperated and were not handcuffed.

Once in the loss prevention, Zachary had Daniel Herrera accompany him, so Zachary wasn't alone in the office with two subjects. Zachary was the one who witnessed the retail fraud occur.

Both Darrell and Daniel were added to the name screen.

Haney/47420

---

With further investigation, the time line and series of events do not match up for the

sexual harassment claim to be feasible. The Sexual Harassment claim presented itself to the

Plaintiff, while piggy-backing off a 911 call in leu of an attempt theft incident that occurred on

December 9th, 2020 at Menard, located at 5487 Harvey Street, Muskegon, Michigan 49444, and

made aware of by the Plaintiff because the PLAINTIFF requested a copy of the police report,

24

otherwise the Plaintiff would not have known of the "alleged sexual harassment" charges thereof. According to the statements on December 30th 2020, provided on behalf of Defendants Hunter Czinder, No. 10 See Attached (Plaintiff Exhibit No. 9; Witness Statement dated December 30th, 2020) Twenty-one (21) days after the attempted theft charges and trespass citation issued on December 9th, 2020. And approximately three (3) months from the "alleged sexual harassment" claim, that has never been documented or heard of until now.

# Witness Statement

Hunter Czinder

So it was back in October, Tiler from Building Materials walked a guest over to aisle 41 where our joist hangers are and was assisting him with them. Jenn and I and were in the aisle right across from them, aisle 117, putting away a bunch of screws from a pallet. Tiler stood and helped the guy from what I remember about 5 or so minutes. I know he had to open a box and get more of a product out for the guy or something along those lines. The guy didn't need Tiler's help anymore so Tiler walked away. I was watching most of the time because the guy looked kind of suspicious because I think he had his hood up and just looked out of place. Anyway, Jenn and I continued to work on the screws that we were putting away. The guy continued to look at the metal stuff for the wood in that aisle and he said something out loud to us. I walked over there and Jenn stayed where she was. I was never the most familiar with those products in hardware and I didn't know the answer to his question. I called Jenn over to help me to see if she knew the answer to what he needed. If I remember correctly, I got called away to do something else in the middle of her showing him one of the products and I walked away for a few minutes. I came back to work on the screw pallet and I walked down the aisle right across from Jenn and she was standing there with her arm on one of the shelves and was talking to the guy and it seemed like she was having a conversation with the guy like she knew him so I didn't think anything of it. About 5 or 6 minutes went by and Jenn was still talking to the guy in about the same spot. In that moment, I do remember the thought crossed my mind about what if that guy was a creep trying to do something but I didn't think much of it because you normally don't ever think it would actually happen with you. I walked past one more time and looked at Jenn and mad eye contact with her because I figured if she felt like she was in danger or something like that, she would give me

some sort of motion or something to come over there but she didn't and continued talking to the guy. I think I finished the pallet and I remember walking back to the hardware desk and I was doing something there and I remember her coming up to the desk after about 15 total minutes talking with this guy and she told me what happened and was seemed super anxious and not knowing what to do. I remember her wanting to wait to go and talk to a General Manager because she didn't think she could all worked up. While she was telling me everything that was happening, we were walking around the department and we were just about to the corner by Building Materials and Hardware automotive and she was going to go to the bathroom and said she was going to talk to a GM later. I told her I was going to talk to Bob, who was the GM at the time, about everything that happened. At that corner by Building Materials, Bob was conveniently there so Jenn and I told him everything that happened and I remember he took down what he looked like from Jenn and I and I walked away. Later that day, about 4 o'clock I think it was when Jenn was supposed to leave, she came up to me and gave me a hug and thanked me for going to Bob about it because she didn't think she could and she told me she was kind of scared to walk out to her car. I told her I would walk her out to her car if it made her feel better so we walked to the desk and I told Rob, our department manager, that I was going to do that and he was okay with that.

About three weeks later, we had another screw pallet and Jenn and I both decided to work on it together. We were in the aisle for about 20 or so minutes, if I remember correctly, when I looked over for some reason and saw the same guy in about the same place as before. I looked over at Jenn and whispered to her and asked if that was the guy from about 3 weeks ago and she looked over at him because he was looking away and said she couldn't tell. A few seconds later, he saw us there putting screws away and approached us and I instantly knew it was him so I stood in front of Jenn so he couldn't see or talk to her and he asked if he could have help with the joist hanger nails. So I walked him over there keeping Jenn behind me and in sight. I walk him over to them to about where the incident happened before and kind of motioned her to walk away so nothing happened again. I helped

and Defendant Jennifer AKA "Jen" last name unknown, No. 9. See Attached (Plaintiff Exhibit

No. 10; Defendant Statement)

12/15/2020
Jen

To Whom it may Concern,

Approximately 2 1/2-3 months ago a Man Came & asked me for help around our screw/bolt isle. I helped him find what he asked for. After that every time I would take a step back away from him, he'd step back toward me. He would continue to make different remarks, some hard to completely chear due to him talking so low. He then said loud enough "Give me a half an hour" & Ill "eat the shit out of you." After that I walked away to the other side of the store and another employee (Hunter) stayed with me & told Bob. one of our G.M.s.

When I thought he was gone I went back to Hardware (my Department). He then found me and handed me

28

his business Card.) Which I threw
away. And got away from him.
About 3 weeks ago he came back
in (Hunter (another employee) and I
were talking. He noticed me again
and walked toward me. Hunter stepped
in front of him. I again left the
area. I decided to get out of the
building and on my way out I
heard him yelling to get my attention.
I ignored him + Hunter again stopped
him. I truly don't feel safe leaving
work. I don't know what he drives
so it makes me extremely anxious.

Thank You.

12-15-2020

Written on December 15th, 2020, it is indicated that this "alleged sexual harassment" took place approximately 2 ½-3 months prior to the December 9th, 2020 incident, which would place us in September 2020.

The Plaintiff, Larry Darnell Jones, was rehabbing a home on Reynolds Street in Muskegon Heights, Michigan over the summer of 2020. As a long time, faithful and loyal customer of Menards, the Plaintiff made numerous trips to Menards on a daily and weekly basis. If there was ever a time that sexual harassment or misconduct could or would have occurred, along with a threat of trespassing, surely no one informed the Plaintiff of this. If it was so, the Plaintiff would not have been allowed to shop at Menards since September. The Plaintiff in fact has shopped at Menards at least seven (7) times from September 2020, to December 9th, 2020 See the Attached Exhibits (Plaintiff Exhibit No. 11; Receipt dated August 31st, 2020); (Plaintiff Exhibit No. 12; Receipt dated November 23rd, 2020 at 11:32 HOURS); (Plaintiff Exhibit No. 13; Receipt dated November 23rd, 2020 at 12:04 HOURS); (Plaintiff Exhibit No. 14; Receipt dated November 25th, 2020 at 11:12 HOURS); (Plaintiff Exhibit No.15; Receipt dated November 28th, 2020 at 11:19 HOURS); (Plaintiff Exhibit No. 16; Receipt dated November 28th, 2020 at 15:50 HOURS); (Plaintiff Exhibit No. 17; Receipt dated December 7th, 2020 at 7:40 HOURS); (Plaintiff Exhibit No. 18; Credit Voucher dated December 8th, 2020 at 11:34 HOURS); ); (Plaintiff Exhibit No. 19; Credit Voucher dated December 9th, 2020 at 8:15 HOURS); (Plaintiff Exhibit No. 20; Receipt dated December 9th, 2020 at 8:15 HOURS); (Plaintiff Exhibit No. 21; Receipt dated December 9th, 2020 at 8:21 HOURS); (Plaintiff Exhibit No. 21; Receipt dated December 9th, 2020 at 13:09 HOURS);



MUSKEGON
5487 HARVEY ST
MUSKEGON, MI 49444

Not valid for rebate submissions

Allowable returns for items on this receipt
will be in the form of an in store credit
voucher if the return is done after
11/29/2020

1-1/2" EGALV ROOFING NAIL30LB
BUCKET
2291640 1@29.96                          29.96

10' TIMBERCREST OSC-3/4" SAGE
1469692 7@15.28                         106.96

12'6"TIMBRCRST JTRIM 3/4"SAGE
1469696 64@5.08                         325.12

9' X 100' TYPAR HOUSE WRAP
1612995 1@109.00                        109.00

D4" CEDAR CREEK .040 SAGE
1469683 168@4.29                        720.72

STEEL STARTER STRIP 10' HEAVY
PROFILES
1461020 15@3.19                          47.85


Subtotal                              1,339.61
Taxes and Fees                           80.38

Total                                 1,419.99


Payment Method(s) Used:
VISA DEBIT - 4196                     1,419.99


7769 06 1438 08/31/20 02:37 PM 03102



Use Your 2%
BIG CARD REBATE

MENARDS

**MENARDS - MUSKEGON**
5487 HARVEY STREET
MUSKEGON, MI 49444

If you have questions regarding the
charges on your receipt, please
email us at:
MUSKfrontend@menards.com



Merchandise Return

12'6"TIMBRCRST JTRIM 3/4
1469696        64 @5.08              325.12-
ORIG STORE: 3102 6 1438 08/31/2020

TOTAL                                325.12-
TAX STATE OF MI 6%                    19.51-
TOTAL SALE                           344.63-
US Debit 4196                        344.63-
EFT Debit
Ref#  11361123104Z       11/23/20 11:38:17
Chip Inserted                   PRIMARY ACCT
a0000000980840
TC - 7ded40c0348f61ec

TOTAL NUMBER OF ITEMS -      84

THANK YOU, YOUR CASHIER. Kelli

38280 25 9016   11/23/20 11:32AM 3102



Use Your 2%
BIG CARD REBATE
MENARDS

MENARDS - MUSKEGON
5487 HARVEY STREET
MUSKEGON, MI 49444

KEEP YOUR RECEIPT
RETURN POLICY VARIES BY PRODUCT TYPE

Unless noted below allowable returns for
items on this receipt will be in the form
of an in store credit voucher if the
return is done after 02/21/21

If you have questions regarding the
charges on your receipt, please
email us at:
MUSKfrontend@menards.com



Sale Transaction

| | | | |
|---|---|---|---|
| SDS+DRILLBIT 1/2"X6" | | | |
| 2363004 | 2 | @8.27 | 16.54 |
| TAPCON 1/2 X 4 HWH 10CT | | | |
| 2326970 | 2 | @34.48 | 68.96 |
| DBL PLATE RAFTER TIE | | | |
| 2273467 | 17 | @0.59 | 10.03 |
| CONCRETE MIX | | | |
| 1891030 | 6 | @3.30 | 19.80 |

| | |
|---|---|
| TOTAL | 115.33 |
| TAX STATE OF MI 6% | 6.92 |
| TOTAL SALE | 122.25 |
| US Debit 4196 | 122.25 |
| EFT Debit | 11/23/20 12:05:23 |
| Ref# 120511231042 | PRIMARY ACCT |
| Chip Inserted | |
| a0000000980840 | |
| TC - e2d0df4150866289 | |

TOTAL NUMBER OF ITEMS =    27

THE FOLLOWING REBATE RECEIPTS WERE
PRINTED FOR THIS TRANSACTION:
617

THANK YOU, YOUR CASHIER, Renee

47433 08 3535   11/23/20  12:04PM 3102

Use Your BIG CARD 2% REBATE

MENARDS

MENARDS - MUSKEGON
5487 HARVEY STREET
MUSKEGON, MI 49444

KEEP YOUR RECEIPT
RETURN POLICY VARIES BY PRODUCT TYPE

Unless noted below all applicable returns for items on this receipt will be in the form of an in store credit voucher if the return is done after 02/23/21

If you have questions regarding the charges on your receipt, please email us at:
MUSKfrontend@menards.com

Sale Transaction

ORDER 67989
#2X6TR SPF -PICK
3 @18.99 56.97
END OF ORDER

TOTAL 56.97
TAX STATE OF MI 6% 3.42
TOTAL SALE 60.39
US Debit 4196 60.39
EFT Debit 11/25/20 11:12:45
Ref# 111211251042 PRIMARY ACCT
a0000000980840
TC - 2c182bc6b101c1cd

TOTAL NUMBER OF ITEMS = 3

THE FOLLOWING REBATE RECEIPTS WERE PRINTED FOR THIS TRANSACTION:
817

THANK YOU, YOUR CASHIER, A11

40571 34 9033 11/25/20 11:12AM 3102

Use Your BIG CARD 2% REBATE

MENARDS

MENARDS - MUSKEGON



Use Your BIG CARD 2% REBATE
MENARDS

MENARDS - MUSKEGON
5487 HARVEY STREET
MUSKEGON, MI 49444

If you have questions regarding the charges on your receipt, please email us at:
MUSKfrontend@menards.com

Merchandise Return

SDS+DRILLBIT 1/2"X6"
2363004
ORIG STORE: 3102 8 3535 11/23/2020 8.27-
SDS+DRILLBIT 1/2"X6"
2363004
ORIG STORE: 3102 8 3535 11/23/2020 8.27-

| | |
|---|---|
| TOTAL | 16.54- |
| TAX STATE OF MI 6% | 0.99- |
| TOTAL SALE | 17.53- |
| CASH | 17.53- |
| CHANGE | 17.53 |

TOTAL NUMBER OF ITEMS = 2

THANK YOU, YOUR CASHIER, Jennifer

38849 60 9903 11/27/20 11:19AM 3102

**MENARDS - MUSKEGON**
**5487 HARVEY STREET**
**MUSKEGON, MI 49444**

KEEP YOUR RECEIPT
RETURN POLICY VARIES BY PRODUCT TYPE

Unless noted below allowable returns for
items on this receipt will be in the form
of an in store credit voucher if the
return is done after 02/26/21

If you have questions regarding the
charges on your receipt, please
email us at:
MUSKfrontend@menards.com



Sale Transaction

| | | |
|---|---|---|
| M&M PEANUT | | |
| 2734247 | 2.98 | NI |
| ORDER | 68858 | |
| 2X8-20' #2&BTR SPF | -PICK | |
| 1021949    2  #29.59 | 59.18 | |
| END OF ORDER | | |

| | |
|---|---|
| TOTAL | 62.16 |
| TAX STATE OF MI 6% | 3.55 |
| TOTAL SALE | 65.71 |
| US Debit 4196 | 65.71 |
| EFT Debit | 11/28/20 15:51:08 |
| Ref#   15511126T042 | PRIMARY ACCT |
| Chip Inserted | |
| a0000000980840 | |
| TC - 8afc0becf1aebe66 | |

TOTAL NUMBER OF ITEMS = 3

THANK YOU, YOUR CASHIER, Tiffany

40408 07 9878   11/28/20  03:50PM 3102

# MENARDS®

Prices shown are valid today only.

**MUSK 69212**

ORE # 3102 MUSK
87 Harvey Street
askegon, MI 49444

FAX: (231) 798-0025
EMAIL: MUSKBuildingMaterials@menards.com

### PICKING LIST - GUEST COPY
### PAGE 1 OF 1

SOLD BY: WILLIAM N.
DATE: 12/01/20

**GUEST NAME - ADDRESS - PHONE**

Ph:
JOB DESC:
lumber

| QNTITY | DESCRIPTION | | SKU NUMBER |
|--------|-------------|------|-----------|
| 3 EACH | 2X4-6' SPF | STUD | 102-1075 |

## TO AVOID PRODUCT NOT BEING AVAILABLE ON A LATER DATE
## PLEASE PICK UP ALL MERCHANDISE TODAY. THANK YOU.

is a quote valid today. Upon payment this quote becomes a yard picking list subject to the terms and conditions below. Quantities listed above may exceed quantities able for immediate pick-up. Product is not held for a specific guest, but instead is available to the buying public on a first come, first serve basis. Please pickup all nases made on this picking list immediately. Failure to pick up products on this picking list today will result in additional charge to you if, on the day of pick up, the price of the products are higher than on the day purchased. Menards liability to you is limited to refunding your original purchase price for any product not picked up.

**a Instructions:**
Take this picking list to a cashier to pay for the merchandise.
Enter the outside yard to pick up your merchandise. (All vehicles are subject to inspection.)
Load your merchandise. (Menards Team Members will gladly help you load your material
but cannot be held liable for damage to your vehicle.)
When exiting the yard, present this list to the Gate Attendant. (The Gate Attendant will record the items you are taking with you.)
Sign the Gate Attendant's signature pad verifying you've received the merchandise.

| PRE-TAX TOTAL: | 11.97 |
|----------------|-------|

nsurance does not allow us to tie down or secure your load, trunk lid, etc. For your convenience, we supply twine, but you will have to decide whether or not your s secure and if the twine supplied is strong enough. If you do not believe the twine will suffice, stronger material can be purchased inside the store.

**D THE TERMS AND CONDITIONS CAREFULLY.** All returns are subject to Menards' posted return policy. In consideration for Menards low prices you agree any merchandise purchased by you is defective, Menards will agree to exchange the merchandise or refund the purchase price based on the form of original payment. gree that there shall be no other remedy available to you. If there is a warranty provided by the manufacturer, that warranty shall govern your rights and Menards shall ling the product "AS IS." Oral statements do not constitute warranties, and are not a part of this contract. The guest agrees to inspect all merchandise prior to installing ng it. UNDER NO CIRCUMSTANCES SHALL MENARDS BE LIABLE FOR ANY SPECIAL, INCIDENTAL, OR CONSEQUENTIAL DAMAGES. ARDS MAKES NO WARRANTIES, EXPRESS OR IMPLIED, AS TO MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OF THE CHANDISE. Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American ation Association under its applicable Consumer or Commercial Arbitration Rules, and judgments on the award rendered by the arbitrator(s) may be entered in any having jurisdiction thereof. The guest agrees to these terms and conditions through purchase of merchandise contained on this document.

**S IS NOT A RECEIPT     GATE ATTENDANT-SCAN HERE ⟹**



Use Your                2%
BIG CARD             REBATE
MENARDS

**MENARDS - MUSKEGON**
**5487 HARVEY STREET**
**MUSKEGON, MI 49444**

KEEP YOUR RECEIPT
RETURN POLICY VARIES BY PRODUCT TYPE

Unless noted below allowable returns for
items on this receipt will be in the form
of an in store credit voucher if the
return is done after 03/07/21

If you have questions regarding the
charges on your receipt, please
email us at
MUSKfrontend@menards.com



Sale Transaction

| | | |
|---|---|---|
| PINE 6PNL 36LH | | |
| 4112513 | | 129.99 |
| PINE 6PNL 30LH | | |
| 4112507 | | 119.99 |
| | | |
| TOTAL | | 249.98 |
| TAX STATE OF MI 6% | | 15.00 |
| TOTAL SALE | | 264.98 |
| CERTIFICATE-BARCODED | | 204.00 |
| ******8928 | | |
| Remaining Balance: $0.00 | | |
| CERTIFICATE-BARCODED | | 10.77 |
| ******8717 | | |
| Remaining Balance: $0.00 | | |
| CERTIFICATE-BARCODED | | 50.21 |
| ******8716 | | |
| Remaining Balance: $121.39 | | |

TOTAL SAVINGS    20.00

TOTAL NUMBER OF ITEMS =    2

THANK YOU, YOUR CASHIER, Sue

7769  05 4166   12/07/20  07:40PM 3102

ISSUE BAR-CODED CK      $79.34
DSC      2233389965
36964 60 2720    12/08/20    11:34AM 3102

**MENARDS®**

*Merchandise Credit Check*

*Good For Purchasing Merchandise At*
*Any MENARDS® Store*

*Check not redeemable for cash or gift cards. No cash refund for unused balance. Check and underlying funds do not expire. There are no fees associated with the use of this check. Check is void if altered or changed in any way. Not valid for payment on MENARDS® charge card. MENARDS® not responsible for lost or stolen checks.*

0  22333  88965  7

ISSUE BAR-CODED CK      FIG.07
DOC      2233613571
40571 00 2707   12/09/23  08:15AM 3102

**MENARDS**

*Merchandise Credit Check*

*Good For Purchasing Merchandise At*
*Any MENARDS' Store*

Check not redeemable for cash or gift cards. No cash refund for unused balance. Check and
underlying funds do not expire. There are no fees associated with the use of this check. Check is
void if altered or changed in any way. Not valid for payment on MENARDS' charge card.
MENARDS' not responsible for lost or stolen checks.

0 "22336" 13571" 3

En la parte superior:



Use Your        2%
BIG CARD   REBATE
**MENARDS**

**MENARDS – MUSKEGON**
**5487 HARVEY STREET**
**MUSKEGON, MI 49444**

KEEP YOUR RECEIPT
RETURN POLICY VARIES BY PRODUCT TYPE

Unless noted below allowable returns for
items on this receipt will be in the form
of an in store credit voucher if the
return is done after 03/09/21

If you have questions regarding the
charges on your receipt, please
email us at:
MUSKfrontend@menards.com



Merchandise Return

PFJ PINE BRICK MLD 180
4171595      2  @7.59        15.18-
ORIG STORE: 3102 7 5361 08/27/2020 C
ISSUE BAR-CODED CK NO: ******3571   GC
                            16.09  NT

TOTAL                        0.91
TAX STATE OF MI 6%           0.91-
TOTAL SALE                   0.00

TOTAL NUMBER OF ITEMS =    3

GC = Gift Cards and/or Merchandise
Credit Checks are non-refundable.

See menards.com for return policy details

THANK YOU, YOUR CASHIER, Ali

40571 60 2942   12/09/20  08:15AM 3102



Use Your 2%
BIG CARD REBATE

**MENARDS - MUSKEGON**
**5487 HARVEY STREET**
**MUSKEGON, MI 49444**

KEEP YOUR RECEIPT
RETURN POLICY VARIES BY PRODUCT TYPE

Unless noted below allowable returns for
items on this receipt will be in the form
of an in store credit voucher if the
return is done after 03/09/21

If you have questions regarding the
charges on your receipt, please
email us at:
MUSKfrontend@menards.com



Sale Transaction

| WH 2G SWITCHPLATE | | |
|---|---|---|
| 3713035 | 2 @0.69 | 1.38 |
| WH 1TOG/1DECOR WALLPLATE | | |
| 3713323 | | 1.49 |
| WH 1G DECOR PLATE | | |
| 3713107 | 2 @0.49 | 0.98 |
| WH 2G DECOR PLATE | | |
| 3713213 | | 0.99 |
| | | |
| TOTAL | | 4.84 |
| TAX STATE OF MI 6% | | 0.29 |
| TOTAL SALE | | 5.13 |
| CERTIFICATE BARCODED | | 5.13 |
| ********8966 | | |
| Remaining Balance: $28.32 | | |

TOTAL NUMBER OF ITEMS =   6

THANK YOU, YOUR CASHIER, Nemar

40411 08 9077   12/08/20  12:37PM 3102



Use Your ... 2%
BIG CARD REBATE

**MENARDS - MUSKEGON**
**5487 HARVEY STREET**
**MUSKEGON, MI 49444**

KEEP YOUR RECEIPT
RETURN POLICY VARIES BY PRODUCT TYPE

Unless noted below allowable returns for
items on this receipt will be in the form
of an in store credit voucher if the
return is done after 03/09/21

If you have questions regarding the
charges on your receipt, please
email us at:
MUSKfrontend@menards.com



Sale Transaction

```
WH 4G SWITCH PLATE
3719043                           1.99
WH 2G SWITCHPLATE
3712035      2  @0.69            1.38
15A HD 3W SWITCH-WH
3637495      3  @2.99            8.97
WH 15A SP GROUNDED SWITC
3639388      4  @0.58            2.32
WH 15A COMM 3W SLIM
3632085                          2.89

TOTAL                           17.55
TAX STATE OF MI 6%               1.06
TOTAL SALE                      18.71
CERTIFICATE BARCODED            18.71
++++++8965
     Remaining Balance: $34.45

TOTAL NUMBER OF ITEMS =    11


THANK YOU, YOUR CASHIER, KIM

40734 05 4967   12/09/20  09:21AM 3102
```

Use Your  2%
BIG CARD REBATE

**MENARDS** ®

**MENARDS - MUSKEGON**
**5487 HARVEY STREET**
**MUSKEGON, MI 49444**

KEEP YOUR RECEIPT
RETURN POLICY VARIES BY PRODUCT TYPE

Unless noted below allowable returns for
items on this receipt will be in the form
of an in store credit voucher if the
return is done after 03/09/21

If you have questions regarding the
charges on your receipt, please
email us at:
MUSKfrontend@menards.com



Sale Transaction

```
WH 15A GFCI
3637142       2  @13.29        26.58

TOTAL                          26.58
TAX STATE OF MI 6%              1.59
TOTAL SALE                     28.17
CERTIFICATE-BARCODED           28.17
*****8965
     Remaining Balance: $1.15

TOTAL NUMBER OF ITEMS =    2


THANK YOU, YOUR CASHIER, Brandi

/820  22 3780   12/09/20  01:09PM 3102
```

If the Defendant Zachary Jenkins, No. 1, was able to recognize the Plaintiff on December 9th, 2020, with an alert from the AnyVision system they have in place, why wouldn't the system pick up any of the other seven times the Plaintiff made a visit to the store during the time frame between September to December of 2020. The Plaintiff even shopped the morning of the incident at approximately 800 HOURS, See (Exhibits 19-21; dated and time stamped receipts) with no issues entering or exiting the store.  Defendant Jennifer AKA "Jen" Last name unknown, also indicated the Plaintiff gave her a tangible piece of evidence, his business card. In which she said, "she threw it away". If an individual is being "sexually harassed" and someone gives you a piece of their identity any reasonable person would have or should have known to report that to authorities immediately, not 3 months later.

In conclusion, there was no intent to steal from Menards. Clearly, the Plaintiff had the funds available along with in-store credits.

There was NEVER a sexually harassment claim brought up to the Plaintiff, followed by a banning from the Menards store(s). This came as surprising news following the incident that occurred on December 9th, 2020.

IV.

## FIRST CAUSE OF ACTION

Count-I

**THE DEFENDANTS VIOLATED THE PLAINTIFF'S FIRST AMENDMENT RIGHTS TO PETITION THE GOVERNMENT FOR THE REDRESS OF GRIEVANCES, TO PEACEFULLY ASSEMBLE (FREE ASSOCIATION) TO PRACTICE HIS SON OF MAN SECULAR RELIGIOUS BELIEFS, AND TO BE FREE FROM RETALIATIONS, AND TO BE FREE FROM ILLEGAL AND UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT WHERE THE PLAINTIFF SUFFERED EMOTIONAL AND PHYSICAL DISTRESS WHEN DEFENDANTS LIBELED AND SLANDERED THE PLAINTIFF TO BE FREE FROM FALSE IMPRISONMENT AFTER BEING ACCUSED OF RETAIL FRAUD AND THEFT.**

1. Defendant Regional Manager of Security Zachary Jenkins, No.1., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

2. Defendant Regional Manager of Security Zachary Jenkins, No.1., on December 9, 2020, arrested the plaintiff in violation of MCL §764.16(d) at the Menards Store and placed the

plaintiff in their Lost and Prevention Room with Defendant General Manager Robert James

Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant

Employee of Menards Darrell James Smith, No.4., then blocked the doorway and refused to

allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and

falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL §

750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful

and illegal search, in which a reasonable person knew or reasonably should have known was a

violation of the plaintiff's state statutory and constitutional rights.

3. Defendant Regional Manager of Security Zachary Jenkins, No. 1., on December 9,

2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the

plaintiff in their Lost and Prevention Room with Defendant General Manager Robert James

Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant

Employee of Menards Darrell James Smith, No.4., then blocked the doorway and refused to

allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and

falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL §

750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL §

750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an

unlawful and illegal seizure, in which a reasonable person knew or reasonably should have

known was a violation of the plaintiff's state statutory and constitutional rights.

4. Defendant Regional Manager of Security  Zachary Jenkins, No.1., on December 9,
2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the
plaintiff in their Lost and Prevention Room with Defendant General Manager Robert James
Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant
Employee of Menards Darrell James Smith, No.4.,  then blocked the doorway and  refused to
allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and
falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL §
750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL §
750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an
unlawful and illegal search, in which a reasonable person knew or reasonably should have
known was a violation of the plaintiff's state statutory and constitutional rights.


5. Defendant Regional Manager of Security  Zachary Jenkins, No. 1.,  on December 9,
2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the
plaintiff in their Lost and Prevention Room  with Defendant General Manager Robert James
Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant
Employee of Menards Darrell James Smith, No.4., then blocked the doorway and refused to
allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and
falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL §
750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL §
750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1.,
then  Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from
ever being allowed to shop at a Menards Store again or going on to  their premises to shop that

48

violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


6. Defendant Regional Manager of Security Zachary Jenkins, No. 1., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Regional Manager of Security Zachary Jenkins No.1., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


7. Defendant Assistant General Manager Robert James Saena, No. 2., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security

Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

8. Defendant Assistant General Manager Robert James Saena, No. 2., on December 9, 2020, arrested the plaintiff in violation of MCL  §764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway  and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

9. Defendant Assistant General Manager Robert James Saena, No.2., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail

Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


10. Defendant Assistant General Manager Robert James Saena, No.2., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and  refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


11. Defendant Assistant General Manager Robert James Saena, No. 2.,  on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail

Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Assistant General Manager Robert James Saena, No. 2., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

12. Defendant Assistant General Manager Robert James Saena, No. 2., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Assistant General Manager Robert James Saena, No. 2., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

13. Defendant Employee of Menards Daniel Ralph Herrera, No. 3.,  on December 9,

2020, arrested the plaintiff in violation of MCL § 764.16(d)  at the Menards Store and placed the

plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security

Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located

at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail

Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth

Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person

knew or reasonably should have known was a violation of the plaintiff's state statutory and

constitutional rights.


14. Defendant  Employee of Menards Daniel Ralph Herrera, No. 3., on December 9,

2020, arrested the plaintiff in violation of MCL  §764.16(d) at the Menards Store and placed the

plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security

Zachary Jenkins, No.1., then blocked the doorway  and refused to allow plaintiff to leave  located

at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail

Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth

Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person

knew or reasonably should have known was a violation of the plaintiff's state statutory and

constitutional rights.


15. Defendant Employee of Menards Daniel Ralph Herrera, No. 3.,  on December 9,

2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the

plaintiff in their Lost and Prevention Room with Defendant Regional of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

16. Defendant Employee of Menards Daniel Ralph Herrera, No.3., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

17. Defendant Employee of Menards Daniel Ralph Herrera, No. 3., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the

plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security

Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located

at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail

Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and

imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant

Employee of Menards Daniel Ralph Herrera, No. 3., then Trespassed the plaintiff in violation of

MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards

Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment

Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or

reasonably should have known was a violation of the plaintiff's state statutory and constitutional

rights.


18. Defendant Employee of Menards Daniel Ralph Herrera, No. 3., on December 9,

2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the

plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security

Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located

at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail

Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and

imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant

Employee of Menards Daniel Ralph Herrera, No. 3., then Trespassed the plaintiff in violation of

MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards

Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment

Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or

reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

19. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

20. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL §764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

56

21. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

22.  Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and  refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

57

23. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Employee of Menards Darrell James Smith, No. 4., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

24. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Employee of Menards Darrell James Smith, No. 4., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards

Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

25. Defendant Norton Shores Police Officer Peyton E. Haney, No. 5., on December 9, 2020, assisted Defendant Regional Manager of Security Zachary Jenkins, No. 1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with the Norton Shores Police Officer, Peyton E. Haney, then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

26. Defendant Norton Shores Police Officer Peyton E. Haney, No.5., on December 9, 2020, assisted Defendant Regional Manager of Security Zachary Jenkins, No. 1., and arrested the plaintiff in violation of MCL §764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with the Norton Shores Police Officer, Peyton E. Haney, then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be

free from an unlawful and illegal search, in which a reasonable person knew or reasonably

should have known was a violation of the plaintiff's state statutory and constitutional rights.


27.  Defendant Norton Shores Police Officer Peyton E. Haney, No.5., on December 9,

2020,  assisted Defendant Regional Manager of Security Zachary Jenkins, No. 1., and arrested

the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in

their Lost and Prevention Room with the Norton Shores Police Officer, Peyton E. Haney, then

blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in

Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree,

in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in

violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to

be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably

should have known was a violation of the plaintiff's state statutory and constitutional rights.


28. Defendant Norton Shores Police Officer Peyton E. Haney, No. 5., on December 9,

2020, assisted Defendant Regional Manager of Security Zachary Jenkins, No. 1., and arrested the

plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their

Lost and Prevention Room with the Norton Shores Police Officer, Peyton E. Haney, then

blocked the doorway and  refused to allow plaintiff to leave  located at 5487 Harvey Street, in

Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree,

in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in

violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to

be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

29.  Defendant Norton Shores Police Officer Peyton E. Haney, No. 5., on December 9, 2020, assisted Defendant Regional Manager of Security Zachary Jenkins, No.1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with the Norton Shores Police Officer, Peyton E. Haney, then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1., and Defendant Norton Shores Police Officer Peyton E. Haney, No. 5., then  Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

30. Defendant Norton Shores Police Officer Peyton E. Haney, No. 5., on December 9, 2020, assisted Defendant Regional Manager of Security Zachary Jenkins, No.1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with the Norton Shores Police Officer, Peyton Haney, then blocked

the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon,

Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation

of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of

MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary

Jenkins No.1., and Defendant Norton Shores Police Officer Peyton E. Haney, No.5., then

Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever

being allowed to shop at a Menards Store again or going on to  their premises to shop that

violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search,

in which a reasonable person knew or reasonably should have known  was a violation of the

plaintiff's state statutory and constitutional rights.


31. Defendant Norton Shores Police Sergeant Todd R. Baker, No.6., on December 9,

2020, directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E.

Haney, No.5., and assisted the Defendant Regional Manager of Security Zachary Jenkins, No.1.,

and  arrested the plaintiff in violation of MCL § 764.16(d)  at the Menards Store and placed the

plaintiff in their Lost and Prevention Room with Defendant Employee of Menards Daniel Ralph

Herrera, No.3., then blocked the doorway and refused to allow plaintiff to leave  located at 5487

Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in

the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth

Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person

knew or reasonably should have known was a violation of the plaintiff's state statutory and

constitutional rights.

62

32. Defendant Norton Shores Police Sergeant Todd R. Baker, No.6., on December 9,

2020,  directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E.

Haney, No.5., and assisted the Defendant Regional Manager of Security Zachary Jenkins, No.1.,

and arrested the plaintiff in violation of MCL  §764.16(d) at the Menards Store and placed the

plaintiff in their Lost and Prevention Room with Defendant Employee of Menards Daniel Ralph

Herrera, No.3., then blocked the doorway  and refused to allow plaintiff to leave  located at 5487

Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in

the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth

Amendment Rights, to be free from an unlawful and illegal search, in which a

reasonable person knew or reasonably should have known was a violation of the plaintiff's state

statutory and constitutional rights.

33. Defendant Norton Shores Police Sergeant Todd R. Baker, No.6., on December 9,

2020, directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E.

Haney, No.5., and assisted the Defendant Regional Manager of Security Zachary Jenkins, No.1.,

and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the

plaintiff in their Lost and Prevention Room with Defendant Employee of Menards Daniel Ralph

Herrera, No.3., then blocked the doorway and refused to allow plaintiff to leave  located at 5487

Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in

the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned

the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth

Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person

knew or reasonably should have known was a violation of the plaintiff's state statutory and
constitutional rights.

34. Defendant Norton Shores Police Sergeant Todd R. Baker, No.6., on December 9,
2020, directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E.
Haney, No.5., and assisted the Defendant Regional Manager of Security Zachary Jenkins, No.1.,
and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the
plaintiff in their Lost and Prevention Room with Defendant Employee of Menards Daniel Ralph
Herrera, No.3., then blocked the doorway and refused to allow plaintiff to leave located at 5487
Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in
the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned
the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth
Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person
knew or reasonably should have known was a violation of the plaintiff's state statutory and
constitutional rights.

35. Defendant Norton Shores Police Sergeant Todd R. Baker, No.6., on December 9,
2020, directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E.
Haney, No.5., and assisted the Defendant Regional Manager of Security Zachary Jenkins, No.1.,
and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the
plaintiff in their Lost and Prevention Room with Defendant Employee of Menards Daniel Ralph
Herrera, No.3., then blocked the doorway and refused to allow plaintiff to leave located at 5487

64

Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in

the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned

the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Regional Manager

of Security Zachary Jenkins No.1., then Trespassed the plaintiff in violation of MCL §

750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store

again or going on to their premises to shop that violated the plaintiff's Fourth Amendment

Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or

reasonably should have known was a violation of the plaintiff's state statutory and constitutional

rights.

36. Defendant Norton Shores Police Lieutenant Marc D. Vanderstelt, No.7.,on January 7,

2021, directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E.

Haney, No.5., and assisted the both of them Defendant Regional Manager of Security Zachary

Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant Norton Shores

Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once

the above named Defendants arrested the plaintiff in violation of MCL § 764.16(d) at the

Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant

Regional Manager of Security Zachary Jenkins, No.1., and Defendant Norton Shores Police

Officer Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff to leave

located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff

of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the

plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a

reasonable person knew or reasonably should have known was a violation of the plaintiff's state

statutory and constitutional rights.

37. Defendant Norton Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January

7, 2021, directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E.

Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary

Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant Norton Shores

Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once

the above named Defendants arrested the plaintiff in violation of MCL §764.16(d) at the

Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant

Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert

James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., Defendant

Employee of Menards Darrell James Smith, No.4., and Defendant Norton Shores Police Officer

Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff to leave

located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff

of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the

plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a

reasonable person knew or reasonably should have known was a violation of the plaintiff's state

statutory and constitutional rights.


38. Defendant Norton Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January

7, 2021, directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E.

Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary

Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant Norton Shores

Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once

the above named Defendants arrested the plaintiff in violation of MCL § 764.16(d) at the

66

Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant

Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert

James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and

Defendant Employee of Menards Darrell James Smith, No.4., and Defendant Norton Shores

Police Officer Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff

to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the

plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully

restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the

plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a

reasonable person knew or reasonably should have known was a violation of the plaintiff's state

statutory and constitutional rights.


39. Defendant Norton Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January

7, 2021, directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E.

Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary

Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant Norton Shores

Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once

the above named Defendants arrested the plaintiff in violation of MCL § 764.16(d) at the

Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant

Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert

James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and

Defendant Employee of Menards Darrell James Smith, No.4., and Defendant Norton Shores

Police Officer Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff

to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the

plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully

restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the

plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a

reasonable person knew or reasonably should have known was a violation of the plaintiff's state

statutory and constitutional rights.


40. Defendant Norton Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January

7, 2021, directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E.

Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary

Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant Norton Shores

Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once

the above named Defendants  arrested the plaintiff in violation of MCL § 764.16(d) at the

Menards Store and placed the plaintiff in their Lost and Prevention Room  with Defendant

Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert

James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and

Defendant Employee of Menards Darrell James Smith, No.4., and Defendant Norton Shores

Police Officer Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff

to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the

plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully

restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the

Defendant Regional Manager of Security Zachary Jenkins No.1., and Defendant Norton Shores

Police Officer Peyton E. Haney, No.5., then  Trespassed the plaintiff in violation of MCL §

750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

41. Defendant Norton Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January 7, 2021, directed and aided and abetted the Defendant Norton Shores Police Officer Peyton E. Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant Norton Shores Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once the above named Defendants arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., and Defendant Norton Shores Police Officer Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Regional Manager of Security Zachary Jenkins No.1., and Defendant Norton Shores Police Officer Peyton E. Haney, No.5., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store

69

again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

42. Defendant Norton Shores City Administrator Mark C. Meyers, No.8., on December 30, 2020, had requested Norton Shores Police Chief Jon Gale, pursuant to the plaintiff's December 24, 2020, E-Mail to direct Defendant Norton Shores Police Lieutenant Marc D. Vanderstelt, No.7., to conduct an investigation into Defendant Norton Shores Police Officer Peyton E. Haney, No.5., denial of the plaintiff's First Amendment Rights to Petition the Government for the Redress of Grievances when she failed to include all the Defendants Names who seized and searched the plaintiff in violation of the Fourth Amendment on December 9, 2020, and took part in the illegal apprehension and arrest of the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., and Defendant Norton Shores Police Officer Peyton E. Haney, No.5., who then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

70

43.   Defendant Norton Shores City Administrator Mark C. Meyers, No.8., on December

30, 2020, had requested Norton Shores Police Chief Jon Gale, pursuant to the plaintiff's

December 24, 2020, E-Mail to direct Defendant Norton Shores Police Lieutenant Marc D.

Vanderstelt, No.7., on January 7, 2021, directed and aided and abetted the Defendant Norton

Shores Police Officer Peyton E. Haney, No.5., and assisted the both of the Defendant Regional

Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest

after Defendant Norton Shores Police Lieutenant Marc D. Vanderstelt, No.7., contacted the

plaintiff on January 4, 2021, once the above named Defendants  arrested the plaintiff in violation

of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention

Room  with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant

General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph

Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., and Defendant

Norton Shores Police Officer Peyton E. Haney, No.5., who then blocked the doorway and

refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444,

and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL §

750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL §

750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1.,

and Defendant Norton Shores Police Officer Peyton E. Haney, No.5., then  Trespassed the

plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever being allowed

to shop at a Menards Store again or going on to  their premises to shop that violated the

plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a

reasonable person knew or reasonably should have known was a violation of the plaintiff's state

statutory and constitutional rights.


44. Defendant Employee of Menards Jennifer (a.k.a. Jen) Last Name Unknown, No.9., on

December     15, 2020, wrote a statement and libeled and slandered the plaintiff in violation of

MCL § 600. 2911(1), and accused the plaintiff of *SEXUAL HARASSMENT* on October 2,

2020, as stated on January 7, 2021, by Defendant Norton Shores Police  Lieutenant Marc

Vanderstelt, No.7. : "*The Norton Shores Police Department did not receive any report of*

*HARASSMENT by Mr. Jones from Menards before this report.*" To aid and abet the Defendant

Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020,

arrest that violated the plaintiff's First Amendment Rights to Petition the Government for the

Redress of Grievances, to Peacefully Assemble, (free association) to Practice his *SON OF MAN*

Secular Religious Beliefs, and to be free from Retaliations once the Defendants  in violation of

the Fourth Amendment arrested the plaintiff in violation of MCL § 764.16(d) at the Menards

Store and placed the plaintiff in their Lost and Prevention Room  with Defendant Regional

Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena,

No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee

of Menards Darrell James Smith, No.4., and Defendant Norton Shores Police Officer Peyton E.

Haney, No.5., who then blocked the doorway and refused to allow plaintiff to leave  located at

5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail

Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and

imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant

Regional Manager of Security Zachary Jenkins No.1., and Defendant Norton Shores Police

Officer Peyton E. Haney, No.5., then  Trespassed the plaintiff in violation of MCL §
750.552(2)(a), that stopped the plaintiff from  ever being allowed to shop at a Menards Store
again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment
Rights, to be free from an unlawful and illegal seizure and search in which a reasonable person
knew or reasonably should have known was a violation of the plaintiff's state statutory and
constitutional rights.


45. Defendant Employee of Menards Hunter Czinder, No.10., on December 30, 2020,
wrote a statement in support of Defendant Employee of Menards Jennifer (a.k.a. Jen) Last Name
Unknown, No.9.,and libeled and slandered the plaintiff in violation of MCL § 600. 2911(1), and
accused the plaintiff of *SEXUAL HARASSMENT* on October 2, 2020, as stated on January 7,
2021, by Defendant Norton Shores Police  Lieutenant Marc Vanderstelt, No.7. : "*The Norton
Shores Police Department did not receive any report of HARASSMENT by Mr. Jones from
Menards before this report.*" To aid and abet the Defendant Regional Manager of Security
Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest that violated the
plaintiff's First Amendment Rights to Petition the Government for the Redress of Grievances, to
Peacefully Assemble, (free association) to Practice his *SON OF MAN* Secular Religious Beliefs,
and to be free from Retaliations once the Defendants  in violation of the Fourth Amendment
arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the
plaintiff in their Lost and Prevention Room  with Defendant Regional Manager of Security
Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant
Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards
Darrell James Smith, No.4., and Defendant Norton Shores Police Officer Peyton E. Haney,

No.5., who then blocked the doorway and refused to allow plaintiff to leave  located at 5487

Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in

the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned

the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager

of Security Zachary Jenkins No.1., and Defendant Norton Shores Police Officer Peyton E.

Haney, No.5., then  Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped

the plaintiff from  ever being allowed to shop at a Menards Store again or going on to  their

premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an

unlawful and illegal seizure and search in which a reasonable person knew or reasonably should

have known was a violation of the plaintiff's state statutory and constitutional rights.


## V.

## SECOND CAUSE OF ACTION

### Count-II

**THE PLAINTIFF SUE ALL THE ABOVE NAMED DEFENDANTS FOR FIVE
HUNDRED MILLION ($500,000.00) DOLLARS FOR COMPENSATORY AND
PUNITIVE DAMAGES FOR VIOLATION OF HIS FIRST AMENDMENT RIGHTS TO
PETITION THE GOVERNMENT FOR THE REDRESS OF GRIEVANCES, TO
PEACEFULLY ASSEMBLE (FREE ASSOCIATION) TO PRACTICE HIS SON OF
MAN SECULAR RELIGIOUS BELIEFS, AND TO BE FREE FROM RETALIATIONS,
AND TO BE FREE FROM ILLEGAL AND UNLAWFUL SEARCH AND SEIZURE IN
VIOLATION OF THE FOURTH AMENDMENT WHERE THE PLAINTIFF
SUFFERED EMOTIONAL AND PHYSICAL DISTRESS WHEN DEFENDANTS
LIBELED AND SLANDERED THE PLAINTIFF TO BE FREE FROM FALSE
IMPRISONMENT AFTER BEING ACCUSED OF RETAIL FRAUD AND THEFT**


46. The plaintiff adopt and incorporate paragraphs 1 through 46 by reference as if those

paragraphs were fully set forth below and allege and reallege as follows:

47. The plaintiff sue all the above named Defendants for Five Hundred Million
($500,000.00) Dollars for compensatory and punitive damages for violation of his First
Amendment Rights to petition the Government for the redress of grievances, to peacefully
assemble (free association) to practice his Son of Man secular religious beliefs, and to be free
from retaliations, and to be free from illegal and unlawful search and seizure in violation of the
Fourth Amendment where the plaintiff suffered emotional and physical distress when
Defendants libeled and slandered the plaintiff to be free from false imprisonment after being
accused of retail fraud and theft.

## RELIEF REQUESTED

**WHEREFORE,** foregoing reasons the Plaintiff Larry Darnell Jones, respectfully moves this honorable court to award him Five Hundred Million ($500,000.000) Dollars, on his First, Fourth and Fourteenth Amendment Rights and address all of his state law claims that violated due process of law.

Respectfully Submitted

Larry Darnell Jones
*In Pro Per*
P.O. BOX 6653
D'Iberville, MS 39540
Ph. (517)-619-9067

June 17, 2021