UNITED STATES OF AMERICA
## IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED - GR**

June 17, 2021 9:50 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __tlb__   SCANNED BY: TB 6/17/21

LARRY DARNELL JONES,

**Plaintiff,**

v.

HON: **1:21-cv-506**
Case No. Paul L Maloney - U.S. District Judge
Sally J. Berens- U.S. Magistrate Judge

DEFENDANT REGIONAL MANAGER OF SECURITY ZACHARY JENKINS, **et,al**

**Defendants.**

## MOTION FOR LEAVE OF COURT TO PROCEED INFORMA PAUPERIS

Larry Darnell Jones
*In Pro Per*
P.O. BOX 6653
D'Iberville, MS 39540
Ph. (517)-619-9067

   **NOW COMES,** the Plaintiff **LARRY DARNELL JONES,** *In Pro Per,* by and through

his motion for leave of court to proceed informa pauperis, pursuant to 28 U.S.C. § 1915(a)(1),

and moves this Honorable Court to grant it.

**FIRST CAUSE OF ACTION**

Count-I

**THE DEFENDANTS VIOLATED THE PLAINTIFF'S FIRST AMENDMENT RIGHTS TO PETITION THE GOVERNMENT FOR THE REDRESS OF GRIEVANCES, TO PEACEFULLY ASSEMBLE (FREE ASSOCIATION) TO PRACTICE HIS SON OF MAN SECULAR RELIGIOUS BELIEFS, AND TO BE FREE FROM RETALIATIONS, AND TO BE FREE FROM ILLEGAL AND UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT WHERE THE PLAINTIFF SUFFERED EMOTIONAL AND PHYSICAL DISTRESS WHEN DEFENDANTS LIBELED AND SLANDERED THE PLAINTIFF TO BE FREE FROM FALSE IMPRISONMENT AFTER BEING ACCUSED OF RETAIL FRAUD AND THEFT.**

1. Defendant Regional Manager of Security Zachary Jenkins, No.1., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d)  at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

2. Defendant Regional Manager of Security  Zachary Jenkins, No.1., on December 9, 2020, arrested the plaintiff in violation of MCL  §764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., then blocked the doorway  and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

3. Defendant Regional Manager of Security  Zachary Jenkins, No. 1.,  on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

2

4. Defendant Regional Manager of Security  Zachary Jenkins, No.1., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., then blocked the doorway and  refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


5. Defendant Regional Manager of Security  Zachary Jenkins, No. 1.,  on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room  with Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1., then  Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


6. . Defendant Regional Manager of Security  Zachary Jenkins, No. 1.,  on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1., then  Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known  was a violation of the plaintiff's state statutory and constitutional rights.

7. Defendant Assistant General Manager Robert James Saena, No. 2., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d)  at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

8. Defendant Assistant General Manager Robert James Saena, No. 2., on December 9, 2020, arrested the plaintiff in violation of MCL §764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway  and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

9. Defendant Assistant General Manager Robert James Saena, No.2., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

10. Defendant Assistant General Manager Robert James Saena, No.2., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and  refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

11. Defendant Assistant General Manager Robert James Saena, No. 2.,  on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost

and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Assistant General Manager Robert James Saena, No. 2., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


12. Defendant Assistant General Manager Robert James Saena, No. 2., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Assistant General Manager Robert James Saena, No. 2., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known  was a violation of the plaintiff's state statutory and constitutional rights.


13. Defendant Employee of Menards Daniel Ralph Herrera, No. 3.,  on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d)  at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


14. Defendant  Employee of Menards Daniel Ralph Herrera, No. 3., on December 9, 2020, arrested the plaintiff in violation of MCL  §764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway  and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

15. Defendant Employee of Menards Daniel Ralph Herrera, No. 3.,  on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

16. Defendant Employee of Menards Daniel Ralph Herrera, No.3., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and  refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

17. Defendant Employee of Menards Daniel Ralph Herrera, No. 3.,  on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Employee of Menards Daniel Ralph Herrera, No. 3., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

18. Defendant Employee of Menards Daniel Ralph Herrera, No. 3.,  on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL §

750.349(b)(3)(a),  and next the Defendant  Employee of Menards Daniel Ralph Herrera, No. 3., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known  was a violation of the plaintiff's state statutory and constitutional rights.


19. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d)  at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


20. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL  §764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway  and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


21. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

22. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway  and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL §

750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

23. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Employee of Menards Darrell James Smith, No. 4., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

24. Defendant Employee of Menards Darrell James Smith, No. 4., on December 9, 2020, arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Employee of Menards Darrell James Smith, No. 4., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

25. Defendant North Shores Police Officer Peyton E. Haney, No. 5., on December 9, 2020, assisted Defendant Regional Manager of Security Zachary Jenkins, No. 1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with the North Shores Police Officer, Peyton E. Haney, then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

8

26. Defendant North Shores Police Officer Peyton E. Haney, No.5., on December 9, 2020, assisted Defendant Regional Manager of Security Zachary Jenkins, No. 1., and arrested the plaintiff in violation of MCL §764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with the North Shores Police Officer, Peyton E. Haney, then blocked the doorway  and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

27.  Defendant North Shores Police Officer Peyton E. Haney, No.5., on December 9, 2020,  assisted Defendant Regional Manager of Security Zachary Jenkins, No. 1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with the North Shores Police Officer, Peyton E. Haney, then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

28. Defendant North Shores Police Officer Peyton E. Haney, No. 5., on December 9, 2020, assisted Defendant Regional Manager of Security Zachary Jenkins, No. 1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with the North Shores Police Officer, Peyton E. Haney, then blocked the doorway and  refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

29.  Defendant North Shores Police Officer Peyton E. Haney, No. 5., on December 9, 2020, assisted Defendant Regional Manager of Security Zachary Jenkins, No.1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with the North Shores Police Officer, Peyton E. Haney, then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1., and Defendant North Shores Police Officer Peyton E. Haney, No. 5., then  Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from

ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

30. Defendant North Shores Police Officer Peyton E. Haney, No. 5., on December 9, 2020, assisted Defendant Regional Manager of Security Zachary Jenkins, No.1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with the North Shores Police Officer, Peyton Haney, then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1., and Defendant North Shores Police Officer Peyton E. Haney, No.5., then  Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known  was a violation of the plaintiff's state statutory and constitutional rights.

31. Defendant North Shores Police Sergeant Todd R. Baker, No.6., on December 9, 2020, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the Defendant Regional Manager of Security Zachary Jenkins, No.1., and arrested the plaintiff in violation of MCL § 764.16(d)  at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Employee of Menards Daniel Ralph Herrera, No.3., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

32. Defendant North Shores Police Sergeant Todd R. Baker, No.6., on December 9, 2020,  directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the Defendant Regional Manager of Security Zachary Jenkins, No.1., and arrested the plaintiff in violation of MCL §764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Employee of Menards Daniel Ralph Herrera, No.3., then blocked the doorway  and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a

reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

33. Defendant North Shores Police Sergeant Todd R. Baker, No.6., on December 9, 2020, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the Defendant Regional Manager of Security Zachary Jenkins, No.1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Employee of Menards Daniel Ralph Herrera, No.3., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

34. Defendant North Shores Police Sergeant Todd R. Baker, No.6., on December 9, 2020, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the Defendant Regional Manager of Security Zachary Jenkins, No.1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Employee of Menards Daniel Ralph Herrera, No.3., then blocked the doorway and  refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

35.  Defendant North Shores Police Sergeant Todd R. Baker, No.6.,  on December 9, 2020, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the Defendant Regional Manager of Security Zachary Jenkins, No.1., and arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Employee of Menards Daniel Ralph Herrera, No.3., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1., then  Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

36. Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7.,on January 7, 2021, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the both of them  Defendant Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the

December 9, 2020, arrest after Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021,  once the above named Defendants  arrested the plaintiff in violation of MCL § 764.16(d)  at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., and Defendant North Shores Police Officer Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

37. Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January 7, 2021, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once the above named Defendants arrested the plaintiff in violation of MCL §764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., Defendant Employee of Menards Darrell James Smith, No.4., and Defendant North Shores Police Officer Peyton E. Haney, No.5.,  then blocked the doorway  and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.


38. Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January 7, 2021, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once the above named Defendants  arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., and Defendant North Shores Police Officer Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

39. Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January 7, 2021, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once the above named Defendants arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., and Defendant North Shores Police Officer Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

40. Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January 7, 2021, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once the above named Defendants arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., and Defendant North Shores Police Officer Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Regional Manager of Security Zachary Jenkins No.1., and Defendant North Shores Police Officer Peyton E. Haney, No.5., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

41. Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January 7, 2021, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once the above named Defendants arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention

Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4.,  and Defendant North Shores Police Officer Peyton E. Haney, No.5., then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1.,  and Defendant North Shores Police Officer Peyton E. Haney, No.5., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal search, in which a reasonable person knew or reasonably should have known  was a violation of the plaintiff's state statutory and constitutional rights.

42.  Defendant North Shores City Administrator Mark C. Meyers, No.8., on December 30, 2020, had requested North Shores Police Chief Jon Gale, pursuant to the plaintiff's December 24, 2020, E-Mail to direct Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., to conduct an investigation into Defendant North Shores Police Officer Peyton E. Haney, No.5., denial of the plaintiff's First Amendment Rights to Petition the Government for the Redress of Grievances when she failed to include all the Defendants Names who seized and searched the plaintiff in violation of the Fourth Amendment on December 9, 2020,  and took part in the illegal apprehension  and arrest of the plaintiff in violation of MCL § 764.16(d)  at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., and Defendant North Shores Police Officer Peyton E. Haney, No.5., who then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

43.  Defendant North Shores City Administrator Mark C. Meyers, No.8., on December 30, 2020, had requested North Shores Police Chief Jon Gale, pursuant to the plaintiff's December 24, 2020, E-Mail to direct Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., on January 7, 2021, directed and aided and abetted the Defendant North Shores Police Officer Peyton E. Haney, No.5., and assisted the both of the Defendant Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest after Defendant North Shores Police Lieutenant Marc D. Vanderstelt, No.7., contacted the plaintiff on January 4, 2021, once the above named Defendants  arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room  with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., and Defendant North Shores

Police Officer Peyton E. Haney, No.5., who then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1., and Defendant North Shores Police Officer Peyton E. Haney, No.5., then  Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure, in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

44. Defendant Employee of Menards Jennifer (a.k.a. Jen) Last Name Unknown, No.9., on December 15, 2020, wrote a statement and libeled and slandered the plaintiff in violation of MCL § 600. 2911(1), and accused the plaintiff of *SEXUAL HARASSMENT* on October 2, 2020, as stated on January 7, 2021, by Defendant North Shores Police  Lieutenant Marc Vanderstelt, No.7. : "*The North Shores Police Department did not receive any report of HARASSMENT by Mr. Jones from Menards before this report*." To aid and abet the Defendant Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest that violated the plaintiff's First Amendment Rights to Petition the Government for the Redress of Grievances, to Peacefully Assemble, to Practice his *SON OF MAN* Secular Religious Beliefs, and to be free from Retaliations once the Defendants  in violation of the Fourth Amendment arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room  with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., and Defendant North Shores Police Officer Peyton E. Haney, No.5., who then blocked the doorway and refused to allow plaintiff to leave  located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a),  and next the Defendant Regional Manager of Security Zachary Jenkins No.1., and Defendant North Shores Police Officer Peyton E. Haney, No.5., then  Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from  ever being allowed to shop at a Menards Store again or going on to  their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure and search in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

45. Defendant Employee of Menards Hunter Czinder, No.10., on December 30, 2020, wrote a statement in support of Defendant Employee of Menards Jennifer (a.k.a. Jen) Last Name Unknown, No.9.,and libeled and slandered the plaintiff in violation of MCL § 600. 2911(1), and accused the plaintiff of *SEXUAL HARASSMENT* on October 2, 2020, as stated on January 7, 2021, by Defendant North Shores Police  Lieutenant Marc Vanderstelt, No.7. : "*The North Shores Police Department did not receive any report of HARASSMENT by Mr. Jones from Menards before this report*." To aid and abet the Defendant Regional Manager of Security Zachary Jenkins, No.1., in the cover-up of the December 9, 2020, arrest

that violated the plaintiff's First Amendment Rights to Petition the Government for the Redress of Grievances, to Peacefully Assemble, to Practice his **SON OF MAN** Secular Religious Beliefs, and to be free from Retaliations once the Defendants in violation of the Fourth Amendment arrested the plaintiff in violation of MCL § 764.16(d) at the Menards Store and placed the plaintiff in their Lost and Prevention Room with Defendant Regional Manager of Security Zachary Jenkins, No.1., Defendant General Manager Robert James Saena, No.2., Defendant Employee of Menards Daniel Ralph Herrera, No.3., and Defendant Employee of Menards Darrell James Smith, No.4., and Defendant North Shores Police Officer Peyton E. Haney, No.5., who then blocked the doorway and refused to allow plaintiff to leave located at 5487 Harvey Street, in Muskegon, Michigan 49444, and falsely accused the plaintiff of Retail Fraud in the First Degree, in violation of MCL § 750.356c(1), and unlawfully restrained and imprisoned the plaintiff in violation of MCL § 750.349(b)(3)(a), and next the Defendant Regional Manager of Security Zachary Jenkins No.1., and Defendant North Shores Police Officer Peyton E. Haney, No.5., then Trespassed the plaintiff in violation of MCL § 750.552(2)(a), that stopped the plaintiff from ever being allowed to shop at a Menards Store again or going on to their premises to shop that violated the plaintiff's Fourth Amendment Rights, to be free from an unlawful and illegal seizure and search in which a reasonable person knew or reasonably should have known was a violation of the plaintiff's state statutory and constitutional rights.

## SECOND CAUSE OF ACTION

Count-II

**THE PLAINTIFF SUE ALL THE ABOVE NAMED DEFENDANTS FOR FIVE HUNDRED MILLION ($500,000.00) DOLLARS FOR COMPENSATORY AND PUNITIVE DAMAGES FOR VIOLATION OF HIS FIRST AMENDMENT RIGHTS TO PETITION THE GOVERNMENT FOR THE REDRESS OF GRIEVANCES, TO PEACEFULLY ASSEMBLE (FREE ASSOCIATION) TO PRACTICE HIS SON OF MAN SECULAR RELIGIOUS BELIEFS, AND TO BE FREE FROM RETALIATIONS, AND TO BE FREE FROM ILLEGAL AND UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT WHERE THE PLAINTIFF SUFFERED EMOTIONAL AND PHYSICAL DISTRESS WHEN DEFENDANTS LIBELED AND SLANDERED THE PLAINTIFF TO BE FREE FROM FALSE IMPRISONMENT AFTER BEING ACCUSED OF RETAIL FRAUD AND THEFT**

46. The plaintiff adopt and incorporate paragraphs 1 through 46 by reference as if those paragraphs were fully set forth below and allege and reallege as follows:

47. The plaintiff sue all the above named Defendants for Five Hundred Million ($500,000.00) Dollars for compensatory and punitive damages for violation of his First Amendment Rights to petition the Government for the redress of grievances, to peacefully assemble (free association) to practice his Son of Man secular religious beliefs, and to be free from retaliations, and to be free from illegal and unlawful search and seizure in violation of the Fourth Amendment where the plaintiff suffered emotional and physical distress when Defendants libeled and slandered the plaintiff to be free from false imprisonment after being accused of retail fraud and theft.

16

## RELIEF REQUESTED

**WHEREFORE,** the foregoing reasons the plaintiff *LARRY DARNELL JONES, In Pro*

*Per,* moves Honorable Court, to grant his motion for leave of court to proceed informa pauperis.


Respectfully Submitted,

Larry Darnell Jones
*In Pro Per*
P.O. BOX 6653
D'Iberville, MS 39540
Ph. (517)-619-9067

Dated: June 17, 2021