UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY DARNELL JONES, )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>ZACHARY JENKINS, ET AL., )<br>   Defendants. )<br>_____ ) | No. 1:21-cv-506<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Sally Berens, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on July 16, 2021 (ECF No. 6). The R&R recommends that the Court dismiss Plaintiff's federal claims and decline to exercise supplemental jurisdiction over his state-law claims. The parties were given fourteen days to file written objections to the proposed findings and recommendation per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed several objections to the R&R (ECF No. 9), and Defendants did not respond. Because Plaintiff has failed to state a claim upon which relief can be granted, the Court will adopt the R&R, dismiss Plaintiff's federal claims, and decline to exercise jurisdiction over Plaintiff's state-law claims.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

The facts giving rise to this matter are as follows. In December 2020, Plaintiff and another man were detained by shopkeepers at Menards in Norton Shores, Michigan for retail fraud in violation of Michigan law. The undisputed facts are that Frederick Lee Banks, the man that Plaintiff came to the store with, concealed an item in his jacket while he and Plaintiff were separated in the store. After Plaintiff paid for his items, he reconvened with Banks, and at that point, Defendants Jenkins, Saena, Herrera, and Smith—individuals who worked at Menards—confronted Plaintiff and Banks about the concealed item. They were then taken to the security room where they were detained and questioned by the Menards employees and Officer Haney, who is also a defendant in this action. Based on these facts, Plaintiff claimed violations of his Fourth and First Amendment rights by state actors under 42 U.S.C. § 1983, as well as violations of Michigan state law.

This Court conducted a de novo review. On review of the evidence, the R&R is adopted over Plaintiff's objections. Plaintiff first objects to the R&R's recommendation to dismiss his Fourth Amendment illegal search and seizure claim because "United States Magistrate Judge, Sally J. Berens, abused her discretion when she denied to hold Norton Shores Police Officer, Peyton Haney, responsible for the illegal search and detention. . . ." (ECF No. 9 at PageID.137). In this objection, Plaintiff basically restates the allegations in his complaint, and concludes that the R&R is incorrect, failing to point to any evidence in the

2

record showing that the magistrate judge reached an incorrect conclusion. This objection is overruled.

Plaintiff appears to next object on the grounds that Officer Haney detained him for too long, considering the officer did not end up arresting Plaintiff (ECF No. 9 at PageID.139). This objection is overruled because the R&R sufficiently explained why the detaining of Plaintiff did not violate the Fourth Amendment. As stated in the R&R, Defendants had "reasonable cause" to suspect Plaintiff of shoplifting under Michigan law, and because there was reasonable cause to suspect and detain Plaintiff, he has no Fourth Amendment claim.

Plaintiff's next objection appears to assert that Defendants "Jennifer Unknown" and Hunter Czinder, both employees of Menards, fabricated sexual harassment claims against Plaintiff, which caused him to be banned from the store (ECF No. 9 at PageID.141). But Plaintiff has not produced any evidence that would support this claim. This objection is overruled.

Plaintiff's next objection states "United States Magistrate Judge, Sally J. Berens abused her discretion when she claimed that the Plaintiff failed to state a claim on his [F]irst Amendment claims, retaliation, denial of right to petition the government for redress of grievances, to practice his son of man secular religious beliefs, and to peaceful [sic] assemble" (ECF No. 9 at PageID.141). This objection is a conclusory statement, which Plaintiff fails to support with arguments, explanation, or evidence. Thus, it is also overruled.

Finally, Plaintiff objects to the R&R's recommendation for the Court to decline to exercise jurisdiction over his state-law claims (ECF No. 9 at PageID.142). He requests that the Court retain jurisdiction over his state-law claims despite there being no independent

3

basis of federal jurisdiction for these claims after Plaintiff's federal claims are dismissed. The Court agrees that it is appropriate to dismiss Plaintiff's state-law claims in this matter because there are no remaining federal claims.

Given that there are no errors in the magistrate judge's analysis and Plaintiff has failed to state a federal claim upon which relief can be granted, the Court will adopt the R&R and dismiss Plaintiff's complaint. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 6) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Court **DISMISSES** the federal claims in Plaintiff's complaint and declines to exercise jurisdiction over the state-law claims in Plaintiff's complaint (ECF No. 1).

**IT IS SO ORDERED.**

**Date:** September 30, 2021                                                    /s/ Paul L. Maloney
                                                                                                Paul L. Maloney
                                                                                                United States District Judge